UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62495-CIV-DIMITROULEAS/SNOW

MICHAEL FEINER,

    Plaintiff,

vs.

INNOVATION VENTURES LLC, a Michigan
corporation doing business as Living Essentials.

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Innovation Ventures, LLC's Motion to Dismiss First Amended Complaint (the "Motion") [DE 19], filed herein on February 19, 2013. The Court has carefully considered the Motion [DE 10], Plaintiff's Response [DE 26], and Defendant's Reply [DE 27]. The Court is otherwise fully advised in the premises.

### I. BACKGROUND

**A.   Procedural History**

The parties to this action are Plaintiff Michael Feiner ("Plaintiff" or "Feiner") and Defendant Innovation Ventures, LLC, d/b/a Living Essentials ("Defendant" or "Innovation"). On December 14, 2012, Plaintiff, on behalf of himself and all others similarly situated, initiated this action against Defendant. On January 24, 2013, Defendant filed its first motion to dismiss [DE 8]. Rather than opposing that motion to dismiss [DE 8], Plaintiff filed his first amended complaint (the "Amended Complaint") [DE 10] on January 30, 2013. The Amended Complaint

asserts claims for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") and Unjust Enrichment. Defendant subsequently filed the instant Motion [DE 19] on February 19, 2013. Defendant seeks dismissal of the Amended Complaint [DE 10] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").

**B.     Allegations from Amended Complaint**

Defendant manufactures, markets, and sells a dietary supplement under the name 5-hour Energy. [DE 10 ¶ 1]. Defendant advertises 5-hour Energy® as providing "Hours of energy now – No crash later." [*Id.* ¶¶ 15-18]. According to Plaintiff, the label on 5-hour Energy® represents that two ounces of the product will, within minutes of ingestion, provide five hours of sustained energy without the negative side effects of a subsequent crash. [*Id.* ¶ 20]. Moreover, Defendant advertises 5-Hour ENERGY® as superior to related products because it lasts longer, performs better, and wears off without a crash. [*Id.* ¶ 26]. Defendant makes claims such as "coffee and soda help a little, but how long do they last before you're back for more?" [*Id.* ¶ 32].

Plaintiff alleges that Defendant's representations regarding 5-hour ENERGY® are false. 5-Hour ENERGY® does not provide five hours of energy but does create a subsequent crash. [*Id.* ¶ 21]. It wears off as quickly as—or more quickly than—less expensive competing products while delivering the same crash as those products. [*Id.* ¶¶ 27-28]. According to Plaintiff, Defendant has knowledge of studies confirming that 5-Hour ENERGY® does not outperform competing products. [*Id.* ¶ 27]. Furthermore, Defendant places on the back of each bottle an admission that "no crash means no sugar crash." [*Id.* ¶¶ 21-23]. Plaintiff alleges that Defendant places that language on the back of each bottle in tiny print in an attempt to conceal the true meaning of the "no crash" representation. [*Id.* ¶ 23].

Because of Defendant's representations, it successfully charges higher prices for 5-Hour

ENERGY®.  [*Id.* ¶ 32].  Consumers pay those heightened prices because they believe Defendant's claims that 5-Hour ENERGY® will last longer than alternative energy drinks without producing a crash.  [*Id.* ¶¶ 32-33].

Plaintiff further alleges that he was misled by Defendant's misrepresentations and, consequently, suffered economic damage.  [*Id.* ¶¶ 29-31].  Plaintiff paid the heightened price for 5-hour ENERGY® but did not experience the promised effect of five hours of crash free energy.  [*Id.*].  Rather, the product's effects wore off within one hour, and Plaintiff suffered the crash normally caused by less expensive energy drinks.  [*Id.*].  Based on this conduct, Plaintiff has brought claims for violation of FDUTPA and for Unjust Enrichment.

## II. DISCUSSION

### A. Standard of Review

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover.  *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

**B.     Analysis**

       **1.     Florida Deceptive and Unfair Trade Practices Act**

FDUTPA is a Florida consumer protection statute designed to protect consumers and business enterprises from unfair trade practices. *See* Fla. Stat. § 501.202. It creates a cause of action for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 501.204(1). "Although not specifically identified in the statute, there are three elements that are required to be alleged to establish a claim pursuant to the FDUTPA: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Martorella v. Deutsche Bank Nat. Trust Co.*, No. 12-08372, 2013 WL 1137514, at *3 (S.D. Fla. Mar. 18, 2013). "'Deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). Moreover, "[the Legislature] has mandated that FDUTPA is to be liberally construed." *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001).

Plaintiff adequately pleads each of these elements. With respect to a deceptive act, Plaintiff alleges that Defendant represents 5-hour ENERGY® as providing five (5) hours of energy without a subsequent crash when, in reality, the product does not so perform. *See, e.g.,* [DE 10 ¶¶ 58-59]. Specifically, Plaintiff pleads that the product's name "5-hour ENERGY," as displayed on the bottle, coupled with the statements "Hours of Energy now – No crash later," "Sugar free," "Feel it in minutes," and "Lasts for Hours," presents "a message that just two ounces of the Product will provide five hours of sustained energy within minutes, without a negative 'crash' side effects later." [DE 10 ¶¶ 17-20]. Plaintiff then pleads that these representations are not true. [DE 10 ¶¶ 21, 28]. These alleged acts—which the Court takes as true—qualify as deceptive because they are likely to mislead a reasonable consumer into believing that 5-hour ENERGY® would last for five (5) hours with producing a crash.[1]

With respect to causation and damages, Plaintiff pleads that he "purchased [5-hour ENERGY] instead of other similar products in reliance on Defendant's deceptive representations," "would not have purchased the [5-hour ENERGY] had he known that the representations were false," and "ha[s] been damaged in the amount of the difference between the premium price paid for the Product and the price they would have paid had they known that the Product was not fit when consumed." [*Id.* ¶¶ 25, 29, 64]. These allegations—taken as true—sufficiently establish that Defendant's deceptive acts caused Plaintiff actual damages in the form of paying a price premium for 5-hour ENERGY®. *See Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336,

---

[1] Plaintiff additionally pleads that Defendant modified the label for 5-hour ENERGY® in response to this action. [DE 10 ¶¶ 35-37]. Plaintiff asserts that this modification exhibits that the previous label was deceptive. [*Id.* ¶ 37]. Defendant argues that this modification has no bearing on the issue of whether the previous label would have deceived a reasonable consumer. Defendant further argues that evidence of the modification would not be admissible to prove that the previous label was deceptive.
    The Court need not address these arguments. As stated, Plaintiff has adequately pleaded a deceptive act even without reference to the allegations surrounding the label modification.

1339-40 (S.D. Fla. 2009) ("The Complaint alleges that Plaintiff was exposed to and saw [Defendant]'s advertising claims and purchased [Defendant's product] in reliance on these claims. The Complaint further alleges that 'as a result of the misleading messages . . ., Defendant has been able to charge a price premium for [Defendant's product].   Accepting these allegations as true, the Court finds that Plaintiff alleges that she has suffered a loss which was proximately caused by Defendant's deceptive, misleading and unfair trade practices." (internal quotations omitted)).

Defendant's arguments to the contrary are unavailing.   First, Defendant relies on additional representations found on each bottle of 5-hour ENERGY® to argue that the bottles and displays are not misleading when taken as a whole.   Each bottle exhibits the statements "Hours of energy now, no crash later" and "No crash means no sugar crash."   According to Defendant, these statements accurately convey to consumers that 5-hour ENERGY®'s no crash representation is limited to sugar crashes.   This argument fails, however, because Plaintiff has alleged that the 5-hour ENERGY® bottles and displays include false statements that would mislead reasonable consumers.   Those allegations are sufficient at this stage.   Whether the representations on the bottles and displays when taken as a whole are, in fact, misleading is a question to be resolved at later stages of this litigation.

Second, Defendant argues that the name "5-hour ENERGY" is not misleading because it is a trade name.   This argument fails because Defendant has not established that 5-hour ENERGY®'s status as a trade name—or lack thereof—has any bearing on whether that name is misleading.   *See*, *e.g.*, *Innovation Ventures, LLC v. Bhelliom Enters. Corp.*, No. 09-13783, 2011 WL 3111961, at *3 (E.D. Mich. Jul. 26, 2011) ("[I]t seems apparent that the '5–hour ENERGY' mark is merely descriptive, in that it describes the function of the product, i.e., users will be provided with five hours of energy by consuming the product.").   Therefore, the Court has no

reason to disregard Plaintiff's allegation that the name 5-hour ENERGY® conveys to the reasonable consumer that the product will provide five (5) hours of energy.

Third, Defendant argues that Rule 9(b)'s heightened pleading standard applies to this FDUTPA claim and that Plaintiff has failed to meet that standard. The Court need not decide whether the Rule 9(b) standard applies to the FDUTPA claim because Plaintiff has satisfied that standard.

"[Rule 9(b)] imposes a heightened pleading standard requiring that the circumstances constituting fraud be stated with particularity." *Blair v. Wachovia Mortg. Corp.*, No. 5:11–cv–566–Oc–37TBS, 2012 WL 868878, at *2 (M.D. Fla. Mar. 14, 2012) (citing *Brooks v. Blue Cross and Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir.1997)). To satisfy Rule 9(b), the complaint must "allege[] 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" *Id.* (quoting *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, No. 10–15406, 2012 WL 555200, at *4 (11th Cir. Feb.22, 2012)). The complaint "must reasonably notify the defendants of their purported role in the scheme." *Id.* (internal quotations omitted).

Plaintiff pleads that Defendant placed the terms "5-hour ENERGY" and "hours of energy now – No crash later" on bottles [DE 10 ¶¶ 17-18, 21], that Defendant knew those representations were false [*id.* ¶¶ 21, 58], that Plaintiff and members of the purported class purchased 5-hour ENERGY in reliance on those representations [*id.* ¶¶ 62-63], and that Plaintiff and members of the purported class suffered damage by paying a premium price for 5-hour ENERGY® [*id.* ¶ 64]. Moreover, Plaintiff pleads that he purchased 5-hour ENERGY® "on or about July 27, 2012, at a 7-Eleven gas station located in Fort Lauderdale, FL, for a purchase price of approximately $3.00." [DE 10 ¶ 6]. These pleadings adequately notify Defendant of its role in the alleged fraud and,

therefore, are sufficient to preclude dismissal at this stage. *See Off Lease Only, Inc. v. Carfax, Inc.*, No. 12-00193, 2012 WL 1966372, at *4 (S.D. Fla. May 31, 2012) ("[B]ecause Plaintiff has provided specific examples of reports containing the allegedly false statements, the Court finds that Plaintiff's allegations are sufficiently elaborate so as to inject reasonable precision and substantiation into the pleadings and comply with Rule 9(b).").

### 2. Unjust Enrichment

Under Florida Law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n. 4 (Fla. 2004)). Plaintiff has adequately pleaded each of these elements.

Plaintiff alleges that: (1) "Plaintiff and Class members directly conferred a benefit on Defendant by purchasing [5-hour ENERGY®] at a premium price"; (2) "Defendant accepted and retained the benefit in the amount of the profits it earned from sales to Plaintiff and Class members"; and (3) "Defendant has profited from its unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit." [DE 10 ¶¶ 69, 73-74]. Taken as true, these pleadings establish each element of a claim for unjust enrichment.

Moreover, Defendant's two arguments in support of dismissal are unpersuasive. First, Defendant argues that the unjust enrichment claim should be precluded because Plaintiff has an adequate remedy at law. This argument fails because unjust enrichment claims are available under Florida law even where adequate legal remedies exist. *State Farm Mut. Auto. Ins. Co. v.*

*Physicians Injury Care Ctr., Inc.*, 427 Fed. App'x 714, 722 (11th Cir. 2011) ("It is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist. However, that rule does not apply to unjust enrichment claims. 'It is only upon a showing that an express contract exists [between the parties] that the unjust enrichment . . . count fails.'" (quoting *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998))).

Second, Defendant argues that Plaintiff's allegation of purchasing 5-hour ENERGY® from 7-Eleven—rather than directly from Defendant—is insufficient to show that Plaintiff conferred a benefit on Defendant. This argument fails because a consumer can confer a benefit on a manufacturer by purchasing one of the manufacturer's products through a retailer. *See, e.g., Romano v. Motorola, Inc.*, No. 07-Civ-60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) ("While the [product] is ultimately sold through the retailer, [Defendant] is directly benefitted through profits earned from the sale of the [product]. Therefore, while there was no direct contact between the manufacturer [Defendant] and Plaintiff, by purchasing the [product], Plaintiff directly conferred a benefit on [Defendant] in the form of payment for the [product]"). Hence, Plaintiff's allegations are sufficient because Plaintiff could have conferred a benefit on Defendant by purchasing 5-hour Energy® from 7-Eleven.

### III. CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** that the Motion [DE 19] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May, 2013.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record